UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING,<br><br>    *Plaintiff*,<br>v.<br><br>AMF MECHANICAL CORPORATION,<br><br>    *Defendant*. | Civil Action No. 17-1514 (TJK) |

**MEMORANDUM OPINION**

Plaintiff Michael R. Fanning, the CEO of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"), has filed suit against Defendant AMF Mechanical Corporation ("AMF Mechanical") for failure to pay its required contributions to the fund from January 2013 through December 2015, in violation of applicable collective bargaining agreements and the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829. ECF No. 1 ("Compl."). To date, AMF Mechanical has failed to answer or otherwise defend this action. Fanning has moved for a default judgment, asking the Court to enter judgment in the amount of $73,924.13 and to order AMF Mechanical to submit to an audit of its payroll records from January 2016 through May 2016. ECF No. 8; *see also* ECF No. 8-1 ("Pl.'s Br."); ECF No. 8-3 ("Pl.'s App."). For the reasons stated in this Opinion, the motion will be granted.

**I.    Background**

Fanning is a designated fiduciary of the Central Pension Fund, which is a multiemployer plan and an employee benefit plan, as those terms are defined under ERISA. Compl. ¶ 1 (citing 29 U.S.C. § 1002(1), (21), (37)); *see also* 29 U.S.C. § 1132(a)(3). The fund provides retirement, disability, death, and other benefits to operating engineers working in various industries, Pl.'s

App. 001-004 ("Fanning Decl.") ¶ 6, and is governed by its Restated Agreement and Declaration of Trust (the "Trust Agreement"), Pl.'s App. 005-009. AMF Mechanical is a Maryland corporation and an "employer" in an "industry or activity affecting commerce," as those terms are defined by ERISA. *See* Compl. ¶ 2 (citing 29 U.S.C. §§ 1001a, 1002(5), (9), (11), (12)). AMF Mechanical and the International Union of Operating Engineers, Local Union Nos. 399 and 564, entered into collective bargaining agreements ("CBAs"), Pl.'s App. 010-023, that, among other things, bind AMF Mechanical to the terms of the Trust Agreement, *see id.* at 012, 016. Under these agreements, AMF Mechanical was required to make monthly contributions to the fund based on the number of hours worked by its employees in covered employment. Compl. ¶ 7; Fanning Decl. ¶ 7.

On July 27, 2017, Fanning filed suit against AMF Mechanical asserting that, based on the results of a December 2016 payroll audit, the company underreported the number of qualifying hours worked from January 2013 through December 2015 and, as a result, failed to pay in full its owed contributions during that time period. Compl. ¶¶ 14-15; Fanning Decl. ¶¶ 10-11. In his complaint, Fanning requests that the Court require the company to (1) pay the owed contributions, accrued interest, liquidated damages, and related audit costs, legal costs, and attorney's fees; and (2) submit to an audit of its payroll records from January 2016 through May 2016. Compl. at 5-6. On August 29, 2017, AMF Mechanical was served with the complaint, making its answer due 21 days later, on September 19. ECF No. 4; *see* Fed. R. Civ. P. 12(a)(1)(A)(i). AMF Mechanical did not timely file an answer. On September 26, Fanning requested an entry of default. ECF No. 5. The next day, September 27, the Clerk of Court entered default, ECF No. 6, and Fanning served AMF Mechanical with a copy of the entry of default, ECF No. 7. AMF Mechanical did not move to set aside the entry of default. On October

2

2, Fanning moved for a default judgment, and served AMF Mechanical with a copy of the motion. ECF Nos. 8, 8-5. AMF Mechanical has not filed any opposition to the motion, or made any other appearance in this case.

## II. Legal Standard

"A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 66-67 (D.D.C. 2011) (citing *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n. 5 (D.C. Cir. 1980)). However, "[b]ecause courts strongly favor resolution of disputes on their merits," a default judgment "usually is available 'only when the adversary process has been halted because of an essentially unresponsive party.'" *Id.* at 67 (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Under Federal Rule of Civil Procedure 55, there is a "two-step procedure" in obtaining a default judgment. *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 102 (D.D.C. 2015). First, after a defendant "has failed to plead or otherwise defend," the plaintiff may request that the Clerk of the Court enter default against that defendant. Fed. R. Civ. P. 55(a). Second, after default is entered, the plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b)(2). "By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, LLC*, 635 F. Supp. 2d 21, 23 n.1 (D.D.C. 2009); *see* Fed. R. Civ. P. 55(c).

An entry of default "establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Elite Terrazzo Flooring*, 763 F. Supp. 2d at 67 (collecting cases). However, this "does not automatically establish liability in the amount claimed by the plaintiff."

3

*Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013). Rather, the Court "is required to make an independent determination of the sum to be awarded," *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002), and is afforded "considerable latitude" in making its determination, *Elite Terrazzo Flooring*, 763 F. Supp. 2d at 67. In his motion for default judgment, the plaintiff must prove to the Court his requested damages "to a reasonable certainty." *Id.* at 68. In support, the plaintiff may offer "detailed affidavits or documentary evidence" on which the Court may rely, and is "entitled to all reasonable inferences from the evidence [he] offer[s]." *Amrine Drywall,* 239 F. Supp. 2d at 30. The Court may conduct a hearing to determine damages, Fed. R. Civ. P. 55(b)(2), but is not required to do so "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment," *Elite Terrazzo Flooring*, 763 F. Supp. 2d at 67 (alterations in original) (internal quotation marks omitted).

### III. Analysis

#### A. Liability

Fanning filed his complaint on July 27, 2017, and served AMF Mechanical by private process server on August 29. ECF Nos. 1, 4. On September 26, Fanning requested an entry of default on the ground that AMF Mechanical had not timely filed an answer to the complaint. ECF No. 5. The Clerk of Court declared AMF Mechanical to be in default on September 27, and subsequently sent AMF Mechanical a copy of the default entry by first-class mail. ECF Nos. 6, 7. On October 2, Fanning moved for a default judgment, and sent AMF Mechanical a copy of the motion by first-class mail. ECF Nos. 8, 8-5. To date, AMF Mechanical has not filed an answer, moved to vacate the default entry, opposed the motion for default judgment, or otherwise defended this action.

4

Because default has been entered, AMF Mechanical is liable for the well-pleaded allegations in Fanning's complaint. *See Amrine Drywall*, 239 F. Supp. 2d at 30. Upon review of the complaint and the relevant law, the Court concludes that Fanning's allegations are, in fact, well-pleaded. "ERISA requires employers to make contributions to multiemployer plans 'in accordance with the terms and conditions of' the relevant collective-bargaining agreements." *Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 147-48 (D.D.C. 2016) (quoting 29 U.S.C. § 1145). Here, AMF Mechanical was required by the CBAs to contribute "certain sums of money to the Central Pension Fund for certain hours paid to employees" in covered employment. Compl. ¶¶ 6-8. According to Fanning, from January 2013 through December 2015, AMF Mechanical failed to contribute the full amount owed under the CBAs to the Central Pension Fund. *Id.* ¶¶ 14-15, 17. These delinquent contributions apparently total $48,927.21 and remain unpaid. *Id.* ¶¶ 15, 17. Because default has been entered and Fanning's allegations are well-pleaded, AMF Mechanical is liable for its failure to pay its required contributions to the Central Pension Fund.

"[W]hen a defendant makes no request 'to set aside the default' and gives no indication of a 'meritorious defense,'" the Court may enter a default judgment against the defendant. *Smith & Rogers Constr.*, 201 F. Supp. 3d at 148 (quoting *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009)). Here, AMF Mechanical was served in August 2017 and, since then, has not responded to the complaint, moved to set aside the default entry, opposed Fanning's motion for default judgment, or otherwise defended this action. Thus, the Court concludes that entry of default judgment against AMF Mechanical is appropriate.

**B.     Damages**

With liability established, the Court must now "make an independent determination—by relying on affidavits, documentation, or an evidentiary hearing—of the sum to be awarded as

damages." *Ventura*, 134 F. Supp. 3d at 104. A plaintiff "must prove these damages to a reasonable certainty." *Elite Terrazzo Flooring*, 763 F. Supp. 2d at 68.

In cases where "a court awards a default judgment against a defendant for contributions owed under a collective bargaining agreement," such as this one, "ERISA provides that the court *must* award: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable attorney's fees and costs of the action." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (emphasis added) (footnotes omitted) (citing 29 U.S.C. § 1132(g)(2)).

Fanning asserts that, pursuant to ERISA, the CBAs, and the Trust Agreement, AMF Mechanical is liable for the following in damages: (1) the total amount of unpaid contributions from January 2013 through December 2015; (2) interest on those unpaid contributions at a rate of 9% per annum; (3) liquidated damages in the amount of 20% of the unpaid contributions; and (4) related audit costs, legal costs, and attorney's fees. *See* Compl. ¶¶ 10-15; Pl.'s App. 007-008, 012; 016, 024; *see also* 29 U.S.C. § 1132(g)(2). Upon review of the entire record and the applicable law, the Court agrees.

According to Fanning, AMF Mechanical is liable to the Central Pension Fund for a total of $73,924.13. ECF No. 8-2. In support, Fanning provides his own declaration and a declaration from his attorney, R. Richard Hopp. *See* Fanning Decl.; Pl.'s App. 031-037 ("Hopp Decl."). These declarations, and their attachments, set forth with specificity Fanning's calculation of damages. Relying on the declarations of Fanning and Hopp,[1] and the entire record, *see*

---

[1] In other cases involving delinquent contributions to the Central Pension Fund under a collective bargaining agreement, courts in this Circuit have accepted similar declarations in support of a motion for default judgment filed on behalf of the fund. *See, e.g.*, *Fanning v. Wellman Dynamics Corp.*, 113 F. Supp. 3d 172, 175 (D.D.C. 2015) (relying on declarations from Fanning and

6

*Permanent Sol. Indus.*, 257 F.R.D. at 8; *Amrine Drywall*, 239 F. Supp. 2d at 30, the Court finds that Fanning has proven with reasonable certainty that AMF Mechanical owes the following amounts totaling $73,924.13:

- $48,927.21 for unpaid contributions;
- $12,610.84 for interest;
- $7,339.08 for liquidated damages;[2]
- $2,500.00 for audit costs;
- $575.00 for reasonable legal costs, and $1,972.00 for reasonable attorney's fees.[3]

*See* Fanning Decl. ¶¶ 11, 13-15; Hopp Decl. ¶¶ 2, 4-6; Pl.'s App. 024, 029, 033-035. Therefore, pursuant to the CBAs, the Trust Agreement, and ERISA, the Court concludes that Fanning is entitled to a monetary judgment of $73,924.13.

---

Hopp); *Fanning v. Warner Ctr., L.P.*, 999 F. Supp. 2d 263, 266-67 (D.D.C. 2013) (same); *Fanning v. Angus Corp.*, 939 F. Supp. 2d 23, 25 (D.D.C. 2013) (same); *Fanning v. Hotel Mgmt. Advisors-Troy, LLC*, 282 F.R.D. 280, 283-84 (D.D.C. 2012) (same).

[2] Although the Trust Agreement authorizes liquidated damages to be assessed at the rate of 20% of unpaid contributions, Pl.'s App. 007, Fanning seeks only a 15% rate in his motion for default judgment, Pl.'s Br. at 6. Accordingly, the $7,339.08 in liquidated damages was calculated using this reduced rate. *Id.* at 6-7; Pl.'s App. 029.

[3] The Court finds that the attorney's fees and costs in this case are "reasonable," consistent with ERISA's provision allowing the Court to award such fees. 29 U.S.C. § 1132(g)(2)(D). In his declaration, Hopp outlines the individual tasks he performed, including drafting the complaint and the instant motion. Pl.'s App. 033. He states that he has charged Fanning an hourly rate of $290.00 for 6.8 hours of work in connection with this case. Hopp Decl. ¶¶ 2, 4. He further notes that his hourly rate is "below the usual and customary fee charged for this type of work" and "substantially below" the rate established in the current *Laffey* matrix for an attorney with Hopp's over twenty years of legal experience. *Id.* ¶ 4. "Given that [Hopp] charged below-market rates, the Court finds the request [for attorney's fees] to be reasonable." *Bricklayers & Trowel Trades Int'l Pension Fund v. KAFKA Constr., Inc.*, 273 F. Supp. 3d 177, 182 (D.D.C. 2017); *see also Angus Corp.*, 939 F. Supp. 2d at 26 (finding attorney's fees reasonable where "[t]he hourly rate sought by the Plaintiff, just $240 per hour, [was] well below the *Laffey* matrix rate for attorney with over twenty years of experience"). The Court also finds that the other legal costs incurred (to file the complaint and serve process) were also reasonable. Hopp Decl. ¶¶ 5-6.

### C. Injunctive Relief

The final issue before the Court is whether Fanning is entitled to his requested injunctive relief: that AMF Mechanical submit to an audit of its payroll records from January 2016 through May 2016. Pl.'s Br. at 9-10; Am. Compl. ¶¶ 22-23. ERISA permits a court to order "other legal or equitable relief" it deems appropriate, 29 U.S.C. § 1132(g)(2)(E), which "can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records," *Flynn*, 237 F. Supp. 2d at 70. In similar situations involving non-responsive defendants, courts have ordered employers to submit to audits consistent with the employers' obligations under ERISA and the applicable collective bargaining agreements. *See, e.g.*, *Smith & Rogers Constr.*, 201 F. Supp. 3d at 150; *Zak Architectural Metal & Glass*, 635 F. Supp. 2d at 25-26.

Here, AMF Mechanical is obligated to submit to such an audit of its payroll records. Under the Trust Agreement, the Central Pension Fund may "audit and examine the pertinent employment and payroll records of each Employer." Pl.'s App. 007. To that end, AMF Mechanical must provide information that the fund may "reasonably require." *Id.* Indeed, it is well established that "ERISA gives trustees of benefit plans the right to review the records of employers contributing to such plans." *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F. Supp. 2d 45, 53 (D.D.C. 2010) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985)).

Because AMF Mechanical has not complied with its obligation to submit to an audit of its payroll for the period from January 2016 through May 2016, and because the company has remained unresponsive throughout the adjudicative process, the Court grants Fanning's request for injunctive relief. *See Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007) (ordering a payroll audit where the defendant "demonstrated

no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process" (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. Newburgh Glass & Glazing, LLC*, 468 F. Supp. 2d 215, 218 (D.D.C. 2007)).

## IV. Conclusion

For the reasons stated above, the Court will grant Fanning's motion for default judgment, ECF No. 8. An order will be issued to accompany this Memorandum Opinion.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 24, 2018